IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

| | | |
|---|---|---|
| James Allen Elliott, Sr., | ) | BANKRUPTCY CASE NO.: 08-00206-hb |
| | ) | |
| Debtor, | ) | CHAPTER 13 |
| | ) | |
| _____ | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Wilkerson Fuel, Inc. (Wilkerson), a creditor of the above debtor, does hereby move this Court for relief from the stay of 11 U.S.C. § 362 on the following grounds:

1.    On or about April 23, 2007, Wilkerson initiated Civil Action No. 2007-CP-46-1276 against the Debtor in the York County Court of Common Pleas, State of South Carolina, for among other things, fraud and conversion of fuel sold by Wilkerson to a corporation owned and operated by Debtor (the "State Court Action"). As alleged in the Complaint filed in the State Court Action, during November and December of 2006, Elliott's Exxon, Inc. ordered and received $73,538.55 in fuel from Wilkerson. Three days after ordering and receiving the last delivery of fuel, Debtor sold the business assets of Elliott's Exxon, Inc. to a third party, dissolved the corporation and distributed the sales proceeds to himself. A copy of the Complaint in the State Court Action is attached as <u>Exhibit C</u> to Movant's certification of facts and incorporated by reference.

2.    Wilkerson noticed the deposition of Debtor in the State Court Action, and was scheduled to depose Debtor on January 9, 2008.

3.    On the eve of Debtor's deposition, January 8, 2008, Debtor filed this Petition for Relief under Chapter 13 of the Bankruptcy Code. On information and belief, Debtor's petition was filed for the primary purpose of staying the State Court Action prior to Debtor's scheduled deposition.

4.    The indebtedness owed to Wilkerson is $73,538.55 as of April 23, 2007 plus accrued but unpaid interest, late charges and attorneys fees, if applicable.

5.    Wilkerson is not receiving payment on its claim, and Debtor denies any personal liability for the debt. Wilkerson's interest will be irreparably harmed by continuation of the Stay.

6.    Wilkerson is informed and believes that it is entitled to relief from Stay for the following reasons: Wilkerson is not receiving payment on its claim and Debtor denies any personal liability on the claim; fraudulent actions by Debtor created the indebtedness; Wilkerson's interest will be irreparably harmed if it is not permitted to pursue its claims in the State Court Action. Pursuant to the

provisions of 11 U.S.C. § 523(a)(2), Debtor's liability to Wilkerson is not dischargeable in bankruptcy.

WHEREFORE, Wilkerson moves this Court to issue its Order lifting the Stay as it pertains to Wilkerson's State Court Action against the Debtor.

March 24, 2008

/s/ W. Keith Martens

W. Keith Martens, District Court I.D. No. 6581
Chad V. Echols, District Court I.D. No. 9810
HAMILTON MARTENS BALLOU & SIPE, LLC
Post Office Box 10940
Rock Hill, South Carolina 29731
803/329-7672
ATTORNEYS FOR CREDITOR
WILKERSON FUEL, INC.

ND: 4839-0644-3522, v. 1

**EXHIBIT A TO SC LBR 4001-1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>James Allen Elliott, Sr.<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO:  08-00206-hb<br>CHAPTER:  13<br><br>NOTICE OF: MOTION FOR RELIEF FROM AUTOMATIC STAY (11 U.S.C. § 362(a)) / MOTION TO EXTEND OR IMPOSE AUTOMATIC STAY (11 U.S.C. § 362(c)(3); 11 U.S.C. § 362(c)(4)) |

TO:   DEBTOR, TRUSTEE AND THOSE NAMED IN THE ATTACHED MOTION

PLEASE TAKE NOTICE THAT a hearing will be held on the attached motion on:

Date:   April 17, 2008
Time:   1:30 p.m.
Place:  U.S. Bankruptcy Court
        Donald Stuart Russell Federal Courthouse
        201 Magnolia Street
        Spartanburg, SC 29306

Within ten (10) days after service of the attached motion, the notice of motion, the movant's certification of facts, (and a blank certification of facts form, applicable only to motions for relief from the automatic stay and for service on *pro se* parties only)), any party objecting to the relief sought shall:

(1)   File with the Court a written objection to the 11 U.S.C. § 362 Motion;

(2)   File with the Court a certification of facts (for motions for relief from the automatic stay);

(3)   Serve on the movant items 1 and 2 above at the address shown below; and

(4)   File a certificate of such service with the Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the Court.

DATE OF SERVICE: March 24, 2008
MOVANT: Wilkerson Fuel, Inc.
ATTORNEY: W. Keith Martens, District I.D. No. 6581
          Chad V. Echols, District I.D. No. 9810
ATTORNEY'S ADDRESS:
Hamilton Martens Ballou & Sipe, LLC
Post Office Box 10940
Rock Hill, SC 29731
803-329-7672

**EXHIBIT B TO SC LBR 4001-1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>James Allen Elliott, Sr., | CASE NO:  08-00206-hb<br>CHAPTER: 13<br><br>CERTIFICATION OF FACTS |
| Debtor(s). | |

In the above-entitled proceeding, in which relief is sought by Wilkerson Fuel, Inc. from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

(1)  Nature of Movant's Interest . On or about April 23, 2007, Wilkerson initiated Civil Action No. 2007-CP-46-1276 against the Debtor in the York County Court of Common Pleas, State of South Carolina, for among other things, fraud and conversion of fuel sold by Wilkerson to a corporation owned and operated by Debtor (the "State Court Action"). As alleged in the Complaint filed in the State Court Action, during November and December of 2006, Elliott's Exxon, Inc. ordered and received $73,538.55 in fuel from Wilkerson. Three days after ordering and receiving the last delivery of fuel, Debtor sold the business assets of Elliott's Exxon, Inc. to a third party, dissolved the corporation and distributed the sales proceeds to himself. A copy of the Complaint in the State Court Action is attached as Exhibit A and incorporated by reference.

(2)  Brief Description of Security Agreement, copy attached (if applicable) . None.

(3)   Description of Property Encumbered by Stay (include serial number, lot and block number, etc.). None. Movant seeks to lift stay in order to pursue the State Court Action, including claims based upon Debtor's fraud and misrepresentation. On information and belief, Movant's claims are not dischargeable pursuant to the provisions of 11 U.S.C. § 523.

(4)  Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of estate, etc.) include applicable subsection of 11 U.S.C. § 362).
For cause, pursuant to 11 U.S.C. § 362(d), including but not limited to, Debtor's fraudulent activity and Debtor's procurement of money, property services through false pretenses, false representation or actual fraud. See 11 U.S.C. § 523(a)(2). Movant requests the stay to be lifted so that it may proceed with the State Court

Action against Debtor.

(5)     Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable). None.

(6)     Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.):

Fair Market Value:  $73,538.55, plus interest
Liens (Mortgages):  $73,538.55, plus interest
Equity Before Exemption:  0
Debtor's Exemption (-):
Net Equity:  0

Source/Basis of Value: Invoice amount of fuel, requested by debtor, provided by Wilkerson Fuel, Inc.

(7)     Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra).
None

(8)     Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable).
N/A

(9)     (a)     For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.[1]
        N/A

        (b)     For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.
        N/A

(10)    Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion:
N/A

(SIGNATURE PAGE ATTACHED)

Date: March 24, 2008

/s/ W. Keith Martens
W. Keith Martens, District I.D. No. 8645
Chad V. Echols, District I.D. No. 9810
Hamilton Martens Ballou & Sipe, LLC
Post Office Box 10940
Rock Hill, SC 29731
803-329-7672
803-329-7678 (fax)
kmartens@hmbslaw.com
cechols@hmbslaw.com

STATE OF SOUTH CAROLINA

IN THE COURT OF COMMON PLEAS

COUNTY OF YORK

)

Wilkerson Fuel, Inc.

)

**Plaintiff(s)** )

FILED-RECEIVED

2007 APR 23 AM DI: 19

DAVID HAMILTON
C.C.C.P. & GS
YORK COUNTY, SC

**CIVIL ACTION COVERSHEET**

2007 - CP - 46 - 1216

vs.

)

BME Marketing, LLC and
James Allen Elliott, Sr.,

)

**Defendant(s)** )

**EXHIBIT**

_C_

| (Please Print) | |
|---|---|
| Submitted By: Chad V. Echols | |
| Address:  PO Box 10940 | |
|   Rock Hill, SC 29731 | |

| | |
|---|---|
| SC Bar #: | 70326 |
| Telephone #: | 803.329.7672 |
| Fax #: | 803.329.7678 |
| Other: | |
| E-mail: | cechols@hmbslaw.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  *(Check all that apply)*

***If Action is Judgment/Settlement do not complete***

☐ JURY TRIAL demanded in complaint.  ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION  *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☒ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| **Inmate Petitions** | **Judgments/Settlements** | **Administrative Law/Relief** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| **Special/Complex /Other** | | | ☐ Employment Security Comm (991) |
| ☐ Environmental (600)  ☐ Pharmaceuticals (630) | | | ☐ Other (999) |
| ☐ Automobile Arb. (610)  ☐ Unfair Trade Practices (640) | | | |
| ☐ Medical (620)  ☐ Other (699) | | | |

Submitting Party Signature: _____    Date:  **04/19/07**

**Note:** Frivolous civil proceedings  may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Cases which are appellate in nature such as appeals or writs of certiorari;

   c. Post Conviction relief matters;

   d. Contempt of Court proceedings;

   e. Forfeiture proceedings brought by the State;

   f. Cases involving mortgage foreclosures; and

   g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) SIXTEENTH JUDICIAL CIRCUIT
COUNTY OF YORK )

Wilkerson Fuel, Inc.,

FILED-RECEIVED

2007 APR 23  AM II: 20

DAVID HAMILTON
Plaintiff. C.P. & GS
YORK COUNTY, SC

C. A. No.: 2007-CP-46 - _1276_

v.

BME Marketing, LLC and
James Allen Elliott, Sr.

Defendant.

**SUMMONS**
(non-jury trial)

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action,

a copy of which is herewith served upon you, and to serve a copy of your Answer upon the

undersigned subscriber at HAMILTON MARTENS BALLOU & SIPE, LLC, at Post Office Box

10940, Rock Hill, South Carolina 29731, within thirty (30) days after the service hereof, exclusive

of the date of such service; and you are hereby notified that should you fail to answer the

Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for

judgment by default for the relief demanded in the Complaint.

April _19_, 2007

Chad V. Echols
Daniel J. Ballou
HAMILTON MARTENS BALLOU & SIPE, LLC
Post Office Box 10940
Rock Hill, South Carolina 29731
803/329-7672

ATTORNEYS FOR PLAINTIFF
WILKERSON FUEL CO., INC.

ND: 4843-1170-4065, Ver 1

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

FILED-RECEIVED SIXTEENTH JUDICIAL CIRCUIT

COUNTY OF YORK )

2007 APR 23 ) AM 11: 20

Wilkerson Fuel, Inc.,          DAVID HAMILTON    C. A. No.: 2007-CP-46 - *1276*
                                C.C.C.P. & GS
                         Plaintiff, YORK COUNTY, SC

v.                              ) COMPLAINT

BME Marketing, LLC and          )
James Allen Elliott, Sr.        )
                 Defendants.    )

The Plaintiff, Wilkerson Fuel Co., Inc., ("Plaintiff") complaining of the

Defendants, BME Marketing, LLC ("BME") and James Allen Elliott, Sr. ("Elliott")

(hereinafter collectively "Defendants"), would allege and show unto the Court as

follows:

## PARTIES AND JURISDICTION

1.   The Plaintiff is a corporation organized and existing under the laws of the State

of South Carolina, with its principal place of business in York County, South Carolina.

2.   Defendant, BME, is a limited liability company organized under the laws of the

State of South Carolina, with its principal place of business in York County, South

Carolina.

3.   Defendant, Elliott, is an individual residing in York County, South Carolina.

4.   The Court of Common Pleas has jurisdiction over the parties and the subject

matter of this dispute and venue is proper in York County.

## FACTS

5.   Upon information and belief, Elliott is the sole member of BME.

6. BME operated a convenience store and gas station and was, during all relevant times, doing business as "Elliott's Exxon."

7. The Plaintiff contracted with the Defendants to provide fuel and related products to Defendants.

8. Between November 3, 2006 and December 1, 2006 Plaintiff provided fuel as requested and ordered by the Defendants.

9. Despite the Plaintiff's full and complete performance of its contractual obligations, there remains due and owing to the Plaintiff the amount of Seventy Three Thousand Five Hundred Thirty Eight and 55/100 Dollars ($73,538.55), plus interest which, despite repeated demand, the Defendants have refused to pay.

10. Upon information and belief, at the time Defendants received the fuel from Plaintiff, Defendants were aware of and preparing for an impending sale of Elliott's Exxon.

11. Upon information and belief, Defendants, subsequent to the delivery of fuel by Plaintiff, did sell all or substantially all of the assets of Elliott's Exxon including fuel inventory delivered by the Plaintiff and profited from the same.

12. Upon information and belief, Defendants received money for the sale of the business and did not utilize said money to pay debts due and owing to Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### (Piercing the Corporate Veil)

13. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

ND: 4849-8543-9233, v. 1

14. BME was organized by Elliott on or around August 12, 2005, as Elliott's alter ego for the purpose of operating a convenience store and gas station doing business as Elliott's Exxon.

15. BME has never had, and does not have now, any genuine or separate corporate existence, but has been used and exists or existed for the sole purpose of permitting Elliott to transact a portion of his individual business under a corporate guise.

16. Upon information and belief, Elliott, as the sole member and owner of BME, ignored the corporate form of BME, commingling corporate funds with his own, ignoring corporate formalities, improperly distributing assets and in generally treating BME as an extension of his own affairs.

17. Upon further information and belief, Elliott's activities were done with the knowledge and intent to disadvantage creditors, including Plaintiff.

18. As a direct and proximate result of the aforementioned, the Plaintiff has suffered actual damages in the total amount of Seventy Three Thousand Five Hundred Thirty Eight and 55/100 Dollars ($73,538.55), plus costs and interest, such that it would be inequitable to allow Elliott to shield himself from liability behind the corporate form.

## FOR A SECOND CAUSE OF ACTION
### (Suit on Account/Breach of Contract)

19. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

20. The Plaintiff provided the fuel as requested by the Defendants pursuant to a contract between the parties.

21. Upon delivery by the Plaintiff of the requested fuel commodities the Defendants failed to pay for the same.

ND: 4849-8543-9233, v. 1

22. There remains due and owing to the Plaintiff the outstanding amount set forth above, plus interest for which the Plaintiff has made due demand.

23. As a direct and proximate result of Defendants' breach of contract and failure to pay for the materials provided by the Plaintiff, the Plaintiff is entitled to judgment against the Defendants in the total amount of Seventy Three Thousand Five Hundred Thirty Eight and 55/100 Dollars ($73,538.55), plus attorney's fees if applicable, costs and interest.

### FOR A THIRD CAUSE OF ACTION
### (Quantum Meruit/Unjust Enrichment)

24. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

25. The Plaintiff furnished materials for the benefit of the Defendants for which the Plaintiff has not been paid. A fair and reasonable value for the materials is Seventy Three Thousand Five Hundred Thirty Eight and 55/100 Dollars ($73,538.55) plus interest.

26. The Plaintiff provided the aforesaid materials at the Defendants' order and request and the Plaintiff reasonably expected to be paid for said materials and the Defendants voluntarily and knowingly accepted the benefits of said materials.

27. The Defendants would be unjustly enriched if not required to pay the Plaintiff for the materials provided by the Plaintiff for the Defendants' use and benefit.

28. As a result of the foregoing, Defendants are liable to the Plaintiff in quantum meruit/unjust enrichment or other equitable theory for the reasonable value of the materials which value is Seventy Three Thousand Five Hundred Thirty Eight and 55/100 Dollars ($73,538.55) plus interest and reasonable attorneys' fees if applicable.

### FOR A FOURTH CAUSE OF ACTION
**(Breach Accompanied by Fraudulent Act)**

29. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

30. upon information and belief, in connection with the breach of contract described herein, the Defendants have intentionally engaged in fraudulent conduct towards the Plaintiff by falsely and knowingly representing the fuel delivered by the Plaintiff would be paid for and requesting said commodities to inflate the purchase price of BME in effort to obtain funds for Defendants' use, all of which fraudulent acts were separate and apart from the aforementioned breach.

31. As a result of the foregoing, the Plaintiff seeks and is entitled to an award of compensatory and punitive damages in an amount to be determined by the trier of fact.

### FOR A FIFTH CAUSE OF ACTION
**(Fraud and Misrepresentation)**

32. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

33. Defendant, BME, by and through its agent Elliott and Elliott in his individual capacity, made specific representations and guarantees to the Plaintiff concerning payment for the aforementioned requested fuel with full knowledge of the impending sale of BME and, upon information and belief, with the full intent to avoid payment of the same.

34. Upon information and belief, the representations made by the Defendants were false and were made knowingly and willfully with the intent to defraud and deceive the Plaintiff and to encourage the Plaintiff to deliver the requested fuel commodities.

35. The Plaintiff was ignorant of the falsity of the Defendants' representations and rightfully relied on said representations to his detriment. But for Defendants' representations the Plaintiff would not have delivered the requested fuel commodities.

36. As a direct and proximate result of the Defendants' misrepresentations the Plaintiff has sustained damages. Based upon and due to the foregoing, the Plaintiff is entitled to actual and punitive damages in an amount to be determined by the trier of fact; attorney's fees, if applicable, costs and such further relief as the Court deems just and proper.

### FOR A SIXTH CAUSE OF ACTION
#### (Constructive Fraud)

37. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

38. The Defendant made false representations to the Plaintiff as recounted above.

39. On information and belief, the representations made by the Defendants were made with the intent induce the Plaintiff into providing fuel to the Defendants and were such that the Defendants ought to have known of their falsity.

40. The Plaintiff was ignorant of the falsity of the Defendants' representations and rightfully relied on said representations to his detriment. But for Defendants' representations, the Plaintiff would not have delivered said fuel commodities to the Defendants.

41. As a direct and proximate result of the Defendants misrepresentations the Plaintiff has sustained damages. Based upon and due to the foregoing, the Plaintiff is entitled to actual and punitive damages in an amount to be determined by the trier of

fact, attorney's fees if applicable, costs and such further relief as the Court deems just and proper.

## FOR A SEVENTH CAUSE OF ACTION
### (Negligent Misrepresentation)

42. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

43. The Defendants made false representations to the Plaintiff as recounted above.

44. The Defendants owed a duty of care to see that they communicated truthful information to the Plaintiff.

45. The Defendants breached that duty by failing to exercise due care.

46. The Plaintiff justifiably relied on the representations of the Defendants.

47. As a direct and proximate result of Defendants wrongful conduct the Plaintiff has suffered damages in an amount to be determined by the trier of fact.

## FOR AN EIGHTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

48. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

49. Under South Carolina law, there is implied in every contract a covenant of good faith and fair dealing. Such a covenant arose in the above-referenced contract between Plaintiff and Defendants.

50. The Defendants have breached the implied covenant of good faith and fair dealing by requesting the Plaintiff deliver fuel with, upon information and belief, full knowledge and understanding that money for said commodities would be provided to Defendants in the sale of BME and further knowledge and understanding of the money received would not be used to pay Plaintiff the amount due and owing.

51. Defendant's breach of the implied covenant of good faith and fair dealing has caused Plaintiff to suffer substantial damages.

52. Upon information and belief, Plaintiff is entitled to recover in this action actual and other damages from Defendant in the amount of Seventy Three Thousand Five Hundred Thirty Eight and 55/100 Dollars ($73,538.55), plus attorney's fees if applicable, costs and interest.

## FOR A NINTH CAUSE OF ACTION
### (Constructive Trust)

53. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

54. Defendants' conduct of accepting payment for inventory from the purchaser of Elliott's Exxon (including fuel provided by Plaintiff) and failing to pay Plaintiff for the same, violates Defendants' covenant of good faith and fair dealing as set forth herein.

55. By reason of the foregoing, Plaintiff seeks and is entitled to a constructive trust over assets of the Defendants, and Plaintiff seeks and is entitled to an accounting of the assets and profits of BME and Elliott and a distribution from the trust pursuant to any accounting in accordance with and to satisfy monies due and owing to Plaintiff.

## FOR A TENTH CAUSE OF ACTION
### (Distributions in Violation of S.C. Code § 33-44-406)

56. The Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, to the extent not inconsistent herewith.

57. Plaintiff, as set forth herein, provided fuel to Defendants pursuant to a valid contract.

58. Defendants failed to pay for fuel.

59. Plaintiff sought, on various occasions, to be paid by BME for the fuel provided.

ND: 4849-8543-9233, v. 1

60. BME has asserted it is unable to pay Plaintiff the amounts set forth herein that remain due and owing, and, upon information and belief, BME is unable to pay the debt to Plaintiff due to acts of Elliott as set forth below.

61. As sole member and the owner of BME between August 12, 2005 and January 16, 2007, Elliott is liable for any distributions made in violation of S.C. Code § 33-44-406.

62. Upon information and belief, during the above-mentioned time period, Elliott approved and made distributions of assets of BME that caused BME to become insolvent.

63. Upon information and belief, during the above-mentioned time period, Elliott received distributions from BME, with knowledge that the distributions caused BME to become insolvent.

64. During the times in issue, BME owed Plaintiff the money due as described herein.

65. Elliott is liable to Plaintiff for the distribution and receipt of assets from BME, which caused its insolvency.

66. Upon information and belief, Plaintiff is entitled to recover in this action actual and other damages from Defendant in the amount of Seventy Three Thousand Five Hundred Thirty Eight and 55/100 Dollars ($73,538.55), plus attorney's fees if applicable, costs and interest.

WHEREFORE, Plaintiff prays for the relief set forth in this Complaint, for applicable attorney's fees and the costs of this action, and for such other and further relief as the court deems just and proper. Plaintiff further prays that the costs of this action and any necessary accounting be charged to BME and/or Elliott as regular and necessary expenses.                    (SIGNATURE PAGE ATTACHED)

ND: 4849-8543-9233, v. 1

9

April ___, 2007

_____

Chad V. Echols
Daniel J. Ballou
HAMILTON MARTENS BALLOU & SIPE, LLC
P.O. Box 10940
Rock Hill, South Carolina 29731
(803) 329-7672
cechols@hmbslaw.com

ATTORNEY FOR THE PLAINTIFF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

James Allen Elliott, Sr.                                    )        BANKRUPTCY CASE NO.:  08-00206-hb
                                                           )
            Debtor,                                        )        CHAPTER 13
                                                           )
_____        )        **AFFIDAVIT OF SERVICE**

        PERSONALLY appeared before me, Chad V. Echols, who, first being duly sworn and
deposes and says:

        That he is an attorney with Hamilton Martens Ballou & Sipe, LLC, attorneys for creditor
Wilkerson Fuel, Inc., and that on the 20th day of March, 2008, he served a copy of the attached
Notice of Motion/Application and Opportunity for Hearing, Motion for Relief from Stay,
Certification of Facts by ECF (as noted) and by placing it in the United States Mail, pre-paid and
addressed to:

James Allen Elliott, Sr.
730 Summerwood Drive
Rock Hill, SC  29732
Debtor

ECF    Lawrence Wilbur Johnson, Jr.
       PO Box 883
       Columbia, SC 29202
       2jlfpa@bellsouth.net
       Attorney for Creditor Ford Motor Credit Company LLC

ECF    F. Lee O'Steen
       O'Steen Law Firm, LLC
       Post Office Box 36534
       Rock Hill, SC  29732
       osteenlaw@comporium.net
       Attorney for Debtor

ECF    William K. Stephenson, Jr.
       Post Office Box 8477
       Columbia, SC  29202
       stephenson@ch13.newsouoth.net
       Trustee

ND: 4839-0644-3522, v. 1

March 24, 2007

/s/ W. Keith Martens
W. Keith Martens, District Court I.D. No. 6581
Chad V. Echols, District Court I.D. No. 9810
HAMILTON MARTENS BALLOU & SIPE, LLC
Post Office Box 10940
Rock Hill, South Carolina 29731
803/329-7672
ATTORNEYS FOR CREDITOR
WILKERSON FUEL, INC.

## EXHIBIT B TO SC LBR 4001-1

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>James Allen Elliott, Sr., | CASE NO:  08-00206-hb<br>CHAPTER:  13<br><br>CERTIFICATION OF FACTS |
| Debtor(s). | |

In the above-entitled proceeding, in which relief is sought by＿＿＿＿＿＿＿＿＿＿
from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of
my knowledge the following:

(1)    <u>Nature of Movant's Interest</u> .

(2)    <u>Brief Description of Security Agreement, copy attached (if applicable)</u>.

(3)     <u>Description of Property Encumbered by Stay (include serial number, lot and
block number, etc.)</u>.

(4)    <u>Basis for Relief (property not necessary for reorganization, debtor has no equity,
property not property of estate, etc.) include applicable subsection of 11 U.S.C. §
362)</u>.

(5)    <u>Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order
for Possession, Levy of Execution, etc., if applicable)</u>.

(6)    <u>Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.)</u>:

      Fair Market Value
      Liens (Mortgages)
      Equity Before Exemption
      Debtor's Exemption (-)
      Net Equity

      Source/Basis of Value:

(7)    <u>Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra)</u>.

(8) <u>Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable).</u>

(9) (a) <u>For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.[1]</u>

(b) <u>For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.</u>

(10) <u>Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion:</u>

Date:

_____

Signature of Attorney
District I.D. No.: _____